Maeve E. Cannon
HILL WALLACK LLP
202 Carnegie Center
Princeton, New Jersey 08543
(609) 924-0808
mcannon@hillwallack.com

Cara R. Burns
HICKS, MIMS, KAPLAN & BURNS
3250 Ocean Park Blvd, Ste 350
Santa Monica, California 90405
(310) 314-1721
cburns@hmkblawyers.com
Attorneys for Plaintiff, Bamboozle Festival, LLC



### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAMBOOZLE FESTIVAL, LLC<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANY,<br><br><br>Defendants. | CIVIL ACTION NO. 12-2862<br><br>[PROPOSED] TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE |

Based upon the complaint, the memorandum of points and authorities, the Declaration of Wayne Goldberg and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, John Does 1-100, Jane Does 1-100 and XYZ Company their true identities being unknown  (collectively, "Defendants"), show cause before the Honorable J. Gisano , United States District Court Judge, in Courtroom 1 of the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, located at 402 East State Street, Trenton, New Jersey, at 10:30 AM

m. on May 3 1, 2012 or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. Rule 65 and the Lanham Act 15 U.S.C. § 1051 et. seq., should not be entered granting to Plaintiff, Bamboozle Festival, LLC, a preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") bearing the federally registered trademarks, servicemarks, logos or other indicia of the musical festival known as "BAMBOOZLE" also known as the "BAMBOOZLE FESTIVAL," the "BAMBOOZLE ROADSHOW" and "THE GREAT BAMBOOZLE" (all of the foregoing collectively the "Bamboozle Festival Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Bamboozle Festival Trademarks as set forth in Plaintiff's complaint and declaration, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified, given notice and be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's moving papers, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Bamboozle Festival Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting

the Bamboozle Festival Trademarks, and impairment of the good will Plaintiff has in the Bamboozle Festival Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons and entities acting in concert with them, and each of them, are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Bamboozle Festival Trademarks;

**AND IT IS FURTHER ORDERED** that pursuant to 15 U.S.C. § 1116 (a), the United States Marshal for this District, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Bamboozle Festival Trademarks which Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from twenty four (24) hours before the first performance to twenty four (24) hours after the last performance within a fifteen (15) mile vicinity of the venue at which said Bamboozle Festival shall be performing, namely the concerts to be held on May 18, 19 and 20, 2012 at North Beach, in Asbury Park, New Jersey;

**AND IT IS FURTHER ORDERED** that this order is hereby conditioned upon Plaintiff's filing with the Court Clerk an undertaking in the form of a bond, certified check, credit card payment or cash in the amount of $ 5000 no later than May 18, 2012, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

3

**AND IT IS FURTHER ORDERED** that this order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before May 29, 2012. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before May 31, 2012. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

/ / /

/ / /

4

**AND IT IS FURTHER ORDERED** that pursuant to F.R.C.P. Rule 65 (d), any defendant can apply to this Court for modification/dissolution of this Order on two (2) days notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: May 14, 2012

At: 9 50 a. m.

_____
UNITED STATES DISTRICT COURT JUDGE